Tbe opinion of tbe Court was delivered by
DargkaN, Cb.
The most serious difficulty encountered by tbe Court in tbe decision of this cause, is tbe question raised in tbe complainant’s sixth ground of appeal. Tbe complainant contends that tbe decree of Chancellor David JOHNSON, of the 17th June, 1846, did adjudge, that be should recover bis debt out of tbe trust estate; provided, on tbe reference ordered, be succeeded in establishing bis demands as stated in tbe bill. He contends, that having proved bis claim, as will appear by tbe commissioner’s report, tbe decree is conclusive upon tbe defendants as to bis right to recover.
This Coiu’t is of tbe opinion that the decree of tbe 17th June, 1846, did adjudge tbe cause upon its merits, and that tbe Chancellor did judicially decide, that tbe complainant should recover; provided, be proved bis debt before tbe commissioner. This Court is further of tbe opinion, that this decree, unless it is now properly in review before this Court in tbe way of appeal, is final and conclusive upon tbe parties. And this brings up the question, whether tbe decree of tbe 17th June, 1846, can, at this stage of tbe proceedings, be brought before this Court on an appeal. We are of the opinion that it may. And tbe complainant having appealed from the decree of June term, 1851, disallowing bis claim and dismissing his bill, it opens tbe way for tbe appellees to make the same questions which they might have made if tbe last decree bad been against them.
Although tbe decree of the 17th June, 1846, did adjudge that tbe complainant should recover, it was in tbe nature of an interlocutory order for judgment. No execution or attachment could have been issued upon it. It did not ascertain tbe amount to be recovered, or tbe mode in which satisfaction was to be made. The *78 amount was to be determined bj the investigation before the commissioner, and the mode of satisfaction out of this trust estate still rested in the discretion of the Court. ■ It was, therefore, not a final judgment, but one that was to be rendered complete by further proceedings. The case was not ripe for the final action of the Court, until June term, 1851, when a decree was rendered, from which this appeal has been taken.
It is unquestionably true, that the parties aggrieved by the decree of June, 1846, might then have appealed from that decree. Of they might, in their discretion, (waiving their present right of appeal until the final judgment of the Court,) bring, by way of appeal, all the former adjudications of the circuit Court in review before this Court. This latter is virtually the position of the ap-pellees now before the Court.
A question might arise, (which, however, does not arise in this case,) as to what would be the effect of an intermediate appeal between the interlocutory and final decree of the Court. The better doctrine is, that such intermediate appeal should conclude all questions that were made, or might have been made, in the appeal, and leave open only such as were not then adjudged and could not then have been adjudged. The case of Price vs. Nesbit, (1 Hill Ch. 445,) goes much farther than this. It recognizes no such distinction, and rules that, as long as there remains any thing for the Court to do in a cause, all the preceding orders and decrees may be reviewed on appeal. The extent to which the right of appeal was allowed in that case, has given rise to much discontent. It is supposed by many to have sanctioned a rule that was mischievous and cumbrous in its operation. It is not necessary for me, on the present occasion, to borrow any force from this case.
Whether the decree of the 17th June, 1846, was not of binding obligation upon all succeeding circuit Courts, is another question to that now before us. That decree is considered now to be fairly before this Court on appeal, and as an appeal, we have a right to hear it.
*79 It is tbe opinion of tbis Court, tbat the decree of the 17th June, 1846, is erroneous in its construction of the deed creating the trust. The deed is inartificially drawn. But the intent of the donor is sufficiently clear. The trust declared was as follows: Jehu Postell, by deed dated February, 1819, gave to Charles Williams certain slaves by name, in trust, that Jehu Postell and Mary, his wife, and his present children and any future children by him lawfully to be begotten, should be supported and maintained out of the said property during the term of their natural lives, and at the death of the said Jehu Postell and Mary, his wife, the trust estate was to be equally divided among the children. This -is, in substance, the provisions of the deed of trust.
If this be considered as an attempt to subject the trust estate, as such, to the claims of the creditors, this Court perceives no equity in the application. The credit was not given to the trustee, who is long since dead, nor to the trust estate, but to some of the beneficiaries personally. The corpus of the estate the Court would not touch under any circumstances; and if the income, which is small, were devoted to the payment of this large amount of debts, there would be no income left to answer the objects of the trust. There is no equity in the application as a demand against the trust estate.
The counsel' of the appellant, in the argument, insisted, that if the Court did pot recognize an equity in the complainant’s claim against the trust estate, he should be allowed to enforce his demand out of the individual shares of such of the beneficiaries as had contracted the debts that he was seeking to recover. He claimed the right to enforce his demands against the equitable estates of his debtors individually.
There are two insurmountable impediments to the Court’s adopting this latter view of the case. In the first place, he has not framed his bill with that aspect. That is not the case he has called on the defendants to answer, or this Court to adjudge. The second difficulty arises from the nature of the trusts declared in the deed. The Court could not subject the share of one of the *80 beneficiaries of tbe trusts to Ms or ber debts, without breaking in upon the whole scheme of the trust. The interest of one could not be separated without injury to the other cestui que trusts. There is no present right of enjoyment in severalty. The Court would not decree a partition. The scheme of the trust, according to the provisions of the deed, is, that the estate is to remain as a whole until the death of the survivor of Jehu Postell and Mary, his wife. The latter still survives. On her death, the children will be entitled to a partition and enjoyment of their respective shares in severalty.
The decree is affirmed and the appeal dismissed.
JOHNSTON, DuNKIN and Wakdlaw, ‘CO. concurred.

Decree affirmed.